```
                    UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA
                        CIVIL MINUTES--GENERAL
```

Case No.    CV 16-6146-CBM(AJW)                      Date: August 26, 2016

**TITLE: <u>Jose M. Reyes v. Dean Borders</u>**
========================================================================
**PRESENT:  HON.  ANDREW J. WISTRICH, U.S. MAGISTRATE JUDGE**

```
     Kerri Hays                          _____
    Deputy Clerk                           Court Reporter
```

**ATTORNEYS PRESENT FOR PLAINTIFFS:**   **ATTORNEYS PRESENT FOR DEFENDANTS:**
           None                                      None

**ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS UNTIMELY**

Petitioner filed this petition for writ of habeas corpus on August 1, 2016.[1] From the face of the petition, it appears that it is barred by the one-year period of limitation set forth in the AEDPA. <u>See</u> 28 U.S.C. § 2244(d)(1).

Petitioner was convicted on March 29, 1989. [Petition at 2]. The California Supreme Court denied petitioner's petition for review on November 29, 1990. [Petition at 3]. Petitioner's conviction became final ninety days later, on February 27, 1991, when the time for filing a petition for a writ of certiorari expired. <u>See</u> <u>Bowen v. Roe</u>, 188 F.3d 1157, 1158-1159 (9th Cir. 1999). For prisoners like petitioner, whose convictions became final prior to AEDPA's effective date – that is, April 24, 1996 – a one-year grace period applies. <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1246 (9th Cir.), <u>cert. denied</u>, 534 U.S. 978 (2001). Accordingly, petitioner had until April 24, 1997 to file a federal habeas corpus petition. <u>See</u> <u>Patterson</u>, 251 F.3d at 1245-1246.

This petition was not filed until more than nineteen years after the limitation period expired. Thus, absent tolling or some other exception to the statute of limitation, this petition is untimely.

---

[1] Although the petition was filed by the Clerk's Office on August 16, 2016, petitioner is entitled to the benefit of the "mailbox rule," pursuant to which a state or federal habeas corpus petition is deemed filed on the date on which petitioner handed it to the proper prison official for mailing. <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988). In this case, the Court assumes petitioner handed the petition to the proper prison official on the date it was signed.

The limitation period does not run while a properly filed state application for post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). See Carey v. Saffold, 536 U.S. 214, 218-219 (2002). Petitioner, however, indicates that he did not file any habeas corpus petitions in state court until 2015, long after the limitation period already had expired. [See Petition at 3-4]. None of these state petitions tolled the already expired limitation period. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"), cert. denied, 540 U.S. 924 (2003).

The limitation period also can be equitably tolled. Equitable tolling is warranted only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Although petitioner cites federal law regarding equitable tolling, nothing in the petition suggests that extraordinary circumstances prevented petitioner from timely filing a federal habeas corpus petition.

Petitioner shall show cause why the petition should not be dismissed as untimely by filing a response within twenty-eight (28) days of the date of this order. If petitioner contends that he is entitled to equitable tolling, he must describe specifically the nature and duration of any extraordinary circumstances which petitioner believes impeded his ability to timely file his petition. **All** facts relied upon by petitioner must be proved by testimony contained in a declaration signed under penalty of perjury, see 28 U.S.C. §1746, or in properly authenticated documents.

Petitioner's failure to timely file a response to this order may result in the dismissal of his petition.

**IT IS SO ORDERED.**


MINUTES FORM 11                                Initials of Deputy Clerk_____
CIVIL-GEN