```
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JOSE M. REYES, | ) Case No. CV 16-6146-CBM(AJW) |
| Petitioner, | ) MEMORANDUM AND ORDER<br>) DISMISSING PETITION |
| v. | ) |
| DEAN BORDERS, | ) |
| Respondent. | ) |

In 1989, petitioner was convicted and sentenced in the Los Angeles Superior Court. [Petition at 2].

On April 18, 1995, petitioner filed a petition for a writ of habeas corpus in this Court challenging his 1989 conviction. Case No. CV 95-2532-CBM(CT). That petition was denied on the merits. On September 26, 2005, petitioner filed a second habeas corpus petition in this Court, which was denied as successive. Case No. CV 05-6970-CBM(CT). The Ninth Circuit subsequently denied petitioner's request for leave to file a successive petition.

Petitioner filed the current petition for a writ of habeas corpus on August 16, 2016. The petition again challenges petitioner's 1989 conviction.

1     "Before a second or successive application permitted by this
2 section is filed in the district court, the applicant shall move in the
3 appropriate court of appeals for an order authorizing the district
4 court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Absent
5 authorization from the Court of Appeals, this Court lacks jurisdiction
6 over a successive petition. See <u>Magwood v. Patterson</u>, 561 U.S. 320,
7 330-331 (2010); <u>Cooper v. Calderon</u>, 274 F.3d 1270, 1274 (9th Cir.
8 2001), <u>cert. denied</u>, 538 U.S. 984 (2003). Because petitioner has not
9 obtained leave from the Court of Appeals, this successive petition is
10 dismissed for lack of jurisdiction.[1]

11     **It is so ordered.**

12
Dated: <u>JANUARY 26, 2017</u>
13
                                        Consuelo B. Marshall
14                                         United States District Judge

---

[1] Ninth Circuit Rule No. 22-3(a) provides that "[i]f a second or successive petition or motion, or an application for authorization to file such a petition or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals." Because the circumstances indicate that petitioner intentionally filed this action in this Court, not that he did so mistakenly, Rule 22-3(a) is inapplicable. Nevertheless, the Clerk is directed to mail petitioner a copy of Ninth Circuit Form 12 so that petitioner may file an application for leave to file a second or successive petition in the Court of Appeals.